This is case number 411-0159, Irwin v. Shymansky. For the appellate Mr. Young and for the appellate Mr. Fahey, you may proceed. Thank you, your honor. May it please the court, counsel. This appeal is brought on a contract construction case. Originally the plaintiff thought she was buying a home on a contract for deed for over three years, but after about three years through the defendant's counsel, she learned that the defendant was taking a position that she had nothing but a lease with an option. The threshold issue is whether or not the trial court could look at just the four corners of this document and construe it as either a contract or a lease, or whether it had an ambiguity which should open the door to extrinsic evidence. That issue, of course, is before this court as a matter of law and is subject to de novo review. The issue simply is whether or not the contract is ambiguous. The defendant herself drew the contract, admittedly without the help of an attorney, and as such it can be construed against her as the drafter. In her answer she admitted that the contract was poorly drafted, poorly written, and we start with the very title of the document itself. It says residential contract for deed slash lease, and the contract itself includes a lot of terms which I think belie any possibility that it was in fact just a lease with an option to purchase. It refers to installment payments. It refers to down payment, the remaining balance of $74,000. It refers to refinancing, refinance with outside lender. If there's an outside lender, isn't the defendant an inside lender by operation of law or construction? It refers to interest on the principal balance, which is the entire amount of the purchase price sought. Taxes were included in monthly installments. There was liability for repairs. And I think it exudes with those terms which I think scream out and sound like an installment purchase of some kind. We submit that the contract, if you look at the contract itself, certainly sounds and smells like a contract for deed. We suggest that the trial court was in error, that as a matter of law the contract was hopelessly ambiguous. Even the title itself indicates that. And as such, the court should have considered the plaintiff's affidavit, which was unrefuted in the trial court that the defendant had prepared the contract, that she had represented the contract to be an installment purchase or a contract for deed, that the plaintiff had claimed a homestead in the property and it had in fact been affirmed as a homestead in the bankruptcy court. And as late as September of 2009, when the contract was coming up for ripening and the parties thought, at least my client thought, that they were negotiating an extension of the contract, they met with the condominium board that has jurisdiction over this property and the matter was referred again, saying because it's a contract for deed, there is no jurisdiction here. The condo association has no problem with it under its rules and regulations. It's important to remember that if the contract is ambiguous, then the plaintiff's affidavit was never refuted. There was never a counter affidavit filed. Nothing under Rule 191 or anything to suggest that the defendant denies that she represented it to be a contract, that she had prepared it in that fashion, and that the court should have actually entered a judgment not in favor of the defendant, but in favor of the plaintiff because it's unrefuted that the contract was at least agreed by the parties to be a contract and an installment purchase. So we respectfully submit on that initial issue that the trial court was in fact in error and that the document cannot be construed by just looking at it within its own four corners and to say that, you know, there's no ambiguity, that it's plainly at least, and this was decided on summary judgment, so the whole idea was it should be free from doubt. And the contract itself, we submit, is plainly and badly in need of disambiguation. You know, it's clearly fraught with all sorts of terms that apply and just scream out. If it's a contract for deed, where would we be if this was a contract for deed? If it had been construed as a contract for deed, my client would have closed on the sale. She tried to close it, but then at the purchase, but when it became decided by the judge it was not that, she went off and purchased another piece of property. How did she try to close it? How did she try to comply with the… Well, in her affidavit she stated that, you know, she had went and gotten financing, and this was in the spring, but when each time that the defendant tagged a whole lot of attorney's fees onto it, she was unable to close it on that matter. She actually borrowed money from her mother, who she gave a second mortgage to this property, which the judge found was because it was a lease, couldn't attach to any sort of equity, and therefore had to be released. But if she had a contract for deed, then clearly the mortgage and foreclosure of mortgage law would come into effect. She'd have the right to cure any default. Well, the contractual deadline was September 15, 2009, wasn't it? That's correct. What did she do prior to then to… The parties had met and agreed to extend the contract. It was only when she… Well, how do you do that if you have a written contract? How does that occur? Well… How do you not do something in writing if you were going to try to do that? They were working on it in writing, but it kept coming back as a lease with an option. She said, that's not what I had to begin with, and my bankers won't accept that, and it's going to create problems for me to get my refinancing down the road. So her conversations with Ms. Chemanski would be enough to constitute an effort to exercise the option? Her position was there was no option to exercise. She was purchasing on a contract basis. The terms of the contract had ripened. They had actually ballooned, but she had negotiated an extension of the contract and continued to make the payments, and the defendant took every single payment she offered all the way through, even after this litigation was filed. Until she bought another home and moved out of the premises, she made every installment under the contract. Well, if this was a contract for deed, according to the contract, it had to be exercised by September 15th. And my question is, is it your position that the conversation she had with the other party was enough to constitute exercising the option? The parties agreed to extend it, and she thought she was getting an extension, which was prepared by defendant's counsel. In addition, she continued to make each payment under the contract, which was accepted without any reservation whatsoever. So the parties, by their own conduct, continued the old contract until in January, then I think was when there was finally a notice given basically to quit the premises. Even after that, every payment was accepted by the defendant under the contract. Well, that's assuming that they're saying it's a lease, then every payment being accepted would be no surprise. But if you're claiming it's a contract for deed, don't you have to comply with the terms and say, here's my demand, I want it, and do something in writing to demonstrate it? Can you modify a written contract for deed, but with an understanding that's going to change the terms, especially go beyond the deadline date? Oral modifications of contracts are accepted in this jurisdiction routinely. You mean in Illinois? Yes. A written contract for sale of land? I mean, it's got to be done by September 2009, and yeah, we'll talk about it. Let's extend that for four months, and that's good enough? I don't remember whether the contract had a time is of the essence clause in it, but the party, certainly by their conduct, extended this contract, and we're working on some sort of a substitute. Doesn't the statute of frauds govern here where you can't, by oral agreement, modify a written contract for a deed? I don't believe so, but, you know, I – Can you have an oral contract to sell the property? No. Because you've got to have it in writing. The point is, we had a written contract, which would have to be terminated according to its own terms or according to law, and it never was, is my position. Because it was, I think unambiguously, a contract for deeds, she had rights, she had equity in the property, the mortgage and mortgage foreclosure action came up and would bar the defendants from terminating her rights without going through those provisions of law. And therefore, when the parties just continued to perform under the old contract, the contract continued. Now, there were some efforts at negotiating an amendment to the contract, a modification of the contract, but they kept coming back as an offer of a lease with an option, which was never the understanding of the parties from the very get-go. Well, I understand that the original document was less than perfect because it spoke in terms of a lease and an option, correct? Or contract purchase. Correct. So assume that the term for exercise of the option to purchase had expired and they keep on talking. The fact that payments continued to be made for some months thereafter really could have easily be interpreted as a lease payment, could they not? Sure. No, I understand that. But what was actually going on was that the plaintiff, because she was suddenly confronted with, this is not what was represented to you, this was not a contract for deed, but it's now a lease with an option. She sought counsel. And you see the contract clearly is ambiguous. You say, well, what's the only safe course to do? Let's go ask the court to construe this document, which she did promptly, immediately, within days after she was served with a notice to quit, saying, Judge, this was represented to me to be a contract for deed. I've made a down payment. I've been paying principal and interest and taxes and making repairs ever since. But now suddenly I'm told that I didn't have what was represented to me and therefore I've got to move out. And I need you, court, to tell me what this document is, because it's clearly ambiguous. Even the title itself renders an ambiguity, because it says residential contract for lease slash contract for deed slash lease. And then we have all these other terms talking about financing and refinancing and installments and interest on the whole principal. Not just the down payment or not just on lease payments, but the principal on the balance due of $74,000, which she paid consistently. She paid the real estate taxes. She undertook to pay the repairs on the property. And it sure looks and smells like a contract for deed, which is what she was represented without question from the very get-go of what she was getting when she was presented with the initial document. Assume for the moment that's true. I really don't understand in terms of real estate practice. If this says contract for deed at the top of it, and exactly the same things have occurred by September 15, 2009, i.e. there's no financing, there's no closing, there's no offer of here's the balance due, what happens? I think she could have given notice under the statute that I'm going to terminate your contract, and then we would be able to look and determine whether or not the Mortgage and Foreclosure Mortgage Act may give her rights of redemption, cure, and all those kinds of things. And those are applicable to contract for deed? Yes, by statute. Whether it applies or not never came up in this case, but certainly it was her position that I have a purchase and therefore I have all the rights. And I think in the complaint said I have all the rights of an owner and the equity position. She'd already had that equity confirmed through the bankruptcy court. She had to file bankruptcy because of a domestic situation she had gone through. The homestead was approved by the bankruptcy court. Her equity had been approved. It was below the homestead amount. She had $14,000 equity there that she had scheduled in her bankruptcy. But specifically, yes, then the question would become what rights does a contract purchaser have after paying under there? They have the doctrine of equitable conversion. The person in the contract purchaser is the owner of the property, and therefore a whole panoply of rights arise and attach to that interest in the contract. Thank you. Thus, our first position, of course, is that the trial court could not, as a matter of law, properly and correctly hold that this was, in fact, just a lease with an option, as it did. I don't know. But looking at it with all these terms and conditions, which certainly make it sound like it is an installment purchase, he should have found, first of all, that the document was at least ambiguous. And if it was ambiguous, extrinsic evidence should have been considered, and my client's affidavit then considered, wherein and whereby without any refutation whatsoever. Other than the title where it talks about contract for deed agreement slash lease, is there ever another reference to contract for deed? Because the word lease or lessee appears constantly and routinely, including terms of lease, subject of lease. And most often it says prospective lessee, lessor, which is bizarre to begin with. But where is there a reference that it's a contract for deed other than the title which says slash lease? Well, I think the whole litany of things that I refer to all plainly just scream out installment purchase, installment payments, down payment. Why is an installment payment different than a lease payment? You're paying monthly. Well, I think we cited a case that says an installment is basically a payment on a debt. And if it's a debt, it's presumably more than just a lease payment for a contemporary term. What was the other terms you cited? The other terms are down payment, the remaining balance of $74,000, which the interest is being charged on. It refers to refinance or refinance with an outside lender, which sure makes it sound like it has some sort of a mortgage or a contract for purchase or something. Which of those is inconsistent with an option to purchase? I think all of them are. It's not what you talk about in an option to purchase? Well, it's not certainly inconsistent with a lease, but the option is just, I guess, inferred from the fact that if you call it a lease and if you have some sort of rights to go ahead and buy, then it has to be an option contract. Taxes was another one that was included in the monthly installments. Interest on the principal balance, which is referred to the entire amount that was agreed to, that the property would be sold for. Well, the language in the term, it's under the title Terms of Lease. So I have the option to buy the condominium on or before September 15, 2009. How is that reconcilable with the contract for deed? Which is like right now. We're paying monthly starting from the gift card. Well, then lay it alongside these other things. The minimum we have to say is that we don't know what we have. It's for the court to construe it. It's ambiguous. The idea that you have an option to buy and a lease seems to address all the language that you cited with the exception of contract for deed in the very first title, which there is a slash lease. Installment payments, I don't think that is consistent with that. Or a down payment is not consistent with a lease and option purchase. It would be maybe option money. The balance of $74,000 wouldn't be consistent with a lease to option to purchase. Refinance wouldn't be consistent with an option to purchase. Interest on the whole principal balance wouldn't be consistent with a lease with an option to purchase. All of those things we respectfully suggest that make this contract unequivocally ambiguous at a minimum, which should have allowed the court should have never decided it on a summary judgment, particularly in fact of the unrefuted affidavit of my client saying it was represented to me to be a contract. I made contract payments for three for that whole period of time, and I always understood that I was buying a home and that the home was mine under an installment basis. Where did the trial judge go wrong in your assessment and his understanding of the situation? By finding and holding that the contract, by looking at the four corners, he could determine that the contract was unambiguous and therefore construed as a lease with an option. As a matter of law, I think you cannot do that and you really have to reach the state that the contract is ambiguous and therefore extrinsic evidence should be allowed to, particularly in this case, where the defendant herself drew the contract and is responsible for the terms that are out. What else is the plaintiff to do but to come into court and to say, it's now represented to me to be something different than I understood for three years. Would you please tell me, judge, what that is? And all of that, I see my time is about up. All of that relates wholly to the issue of fees, which we've also raised. So I'll just rely upon my brief for those. You can address fees and rebuttal if you wish. Thank you. Mr. Fahy. Good afternoon, ma'am. Please record. The defendant sees essentially for this court. Can't hear you, counsel. Speak up, please. Sure. That doesn't make a difference. Record anything? No, it records. It doesn't amplify. Yeah, you have to. Well, I'll just talk loud. Okay. Thank you. The defendant sees at least four different issues before this court, the first one being whether the trial court properly characterized the agreement as a lease with option of purchase. The second issue, which we raised, is we think they're judicially stopped from even filing suit and saying it's a contract for deed. Why? Because in 2007, she filed a bankruptcy petition via affidavit, sworn testimony, and characterized the parties' agreement as a lease with purchase. I'm sorry, as a lease with an option of purchase three times, unmistakably, to gain the benefit of successfully discharging her debt in bankruptcy. She did so. Now, three years later, you just heard it from counsel, I never understood what I had was a lease with an option of purchase, even though I submitted sworn affidavits saying that three years ago. What did Judge Zappa say about that matter? Remarkably, he didn't decide the case on that alone. That's what I think, that's how he made it there. And as you are well aware, you get to affirm on anything properly within the record. So you presented all that to him at the trial level. And instead, he took, I think, the alternative, which was just as reasonable. But the bottom line is, he should have never got there because, pursuant to judicial estoppel, submitted a sworn affidavit in two separate proceedings. First, the bankruptcy proceeding, and then now this one. In one proceeding, making inconsistent statements. In the prior bankruptcy proceeding, saying this is a contract, I'm sorry, this is a lease with option of purchase. And then, via verified affidavit, I'm sorry, verified complaint, saying no, no, you know, this is actually a contract for deed. And trying to get inconsistent results based on these representations. Was there one represented by counsel in the bankruptcy? Most definitely. Who was that? Well, you don't remember. Yeah, I mean, at that point. But let's just say you don't find judicial estoppel, because I think you easily can in this case as well. But let's go to the next level, as to whether there's ambiguity in this provision, in this contract. As Justice Steigman already pointed out, Once, it says residential contract for deed agreement slash lease, and that's in the title. And then right underneath that, what does it say? Agreement to lease residential property. So if you just read the very first title, I can see why you might be confused. However, if you actually read through the contract and looked at the last paragraph, for example, that says paragraph headings, it says that they're for the convenience of the parties, and you can't use a heading to modify, simplify, or aid in the interpretations of the provisions of this agreement. So then let's deal with the aspects of what's actually in this lease agreement. It calls the document a lease ten times. It calls Chomansky a lessor 19 times. It calls Irwin a lessee 20 times. What about the terms that Mr. Young cited that he claims are inconsistent with a lease? A lease? Well, there's two answers to that. One is, first of all, it's a triple net lease. It's a what? Triple net lease. In other words, when you're living in that place, you're obligated for everything. That is a standard lease provision. You know, there's taxes, everything else. I don't think I've done anything that hasn't been a triple net lease in the last ten years. We want that lessor, I'm sorry, the lessee, to handle all of the financial obligations so that we have no liability whatsoever. How about that balance? How about the reference to installments and then a balance with interest accruing on a balance? The majority of the language pertains to the option to purchase. Now, you know, if you go through the whole document, you'd have to stretch to actually find that there is an ambiguity and that it's actually a contract for lease. How do you have a balance on a lease? Okay. I really, I don't know. And that's why I'm going to go back and try and baseline this. When you enter into a lease, you own monthly payments. You are obligated for the entire amount of the lease. So if I leave after month two and my lease for the year is worth $10,000, my balance on that lease is still $10,000. It doesn't, you know, okay, I move out and all of a sudden I don't have a balance. You have an, there's an added amount. You're obligated to the end of the term. Correct. And would that $74,000 work out to being the balance due? If the lease went up. If you abandon the lease and it went on until the date that a sale was supposed to take place. Not if you abandon the lease. I mean if you walk away and you still owe. You owe for the term of the lease. If you stayed under the term of the lease, I think mathematically that's what it adds up to. You know, I'd have to sit down and do the math. But that's the way it's written. But if you don't buy by a certain date, well then that's not a balance due. Does that hopefully answer your question? Yes. What about Mr. Young's response to the questions about the failure of a plaintiff to have exercised the option by the date in question given his claim that this was a contract for deed? What happens, assuming it's a contract for deed, again, these are not rhetorical questions. It's not just my distinguished colleague, Justice Kinect, who needs education about this stuff. What happens on a contract for deed if there's a precise date and nothing happens? The party who is supposed to exercise an option by that date does not. Actually, I'm going to try and answer that question and give you a more instructive response as it pertains to this case. If there's a contract for deed and you don't comply with the terms on the deadline, that is a breach of that contract for deed. And then typically what happens is the balance is accelerated or you can cancel the contract for deed. What happened in this case, which shows it's not a contract for deed, is that her refusal or failure to purchase the property did not result in a breach. It didn't matter at all. We couldn't force her to purchase the property, nor was she obligated to purchase the property. All that happened is then it turned into a lease without the option any longer because the lease was extinguished. So the lease continued, the option was gone. Correct. And that's the key here. When you have a contract for deed, it's title transfer at the execution of the contract. That didn't happen here. She had no obligation to purchase. The only obligation was Shemansky to allow her to purchase up until that point in time. And once she didn't, it simply became a lease. And that was terminable according to the provisions of the lease agreement. At what point did the $5,000 payment get made? Actually, wasn't it $10,000? $10,000. $10,000 payment. That would have been at the execution of the contract. What was that initially? That was for the purchase of the option. Yes. So had essentially purchased the option, and then three years later it was gone. Yes, because during that period of time, Shemansky froze her real estate and couldn't do anything with it because Irwin had the preference to buy it. It's putting your real estate on the shelf for three years. Now, as it would have it, real estate tumbled during that period of time. But had it increased significantly, we may be initiating litigation, but we're not. So just to kind of summarize this issue, judicial estoppel is the way to go in this case. That's how it should be resolved. But if not, Judge Zappa's decision was on the merits, four corners, no ambiguity. The term obligor or obligee is nowhere in this contract. There was no title transfer at execution. Irwin never was obligated to purchase the property. She could walk away at any time. The only obligation was Shemansky to keep the property available for her to purchase. Moreover, these characterizations and affidavits, these unrefuted affidavits, they're not even admissible evidence. He decided the case on the four corners of the contract. I don't care if he submitted a thousand affidavits. Well, that's presuming we agree that parole evidence is admissible because of the four corners of the contract. That's correct. Well, if it's ambiguous, then we can have parole evidence, and the affidavits would be admissible in the summary judgment, wouldn't they? They would be if they were found ambiguous, their parole evidence. But based on the affidavits that have been supported, boy, you can use it to interpret the provisions that exist in the contract, not only modify and alter them. And that's what really was attempted to be undertaken at the trial court. Again, you don't even get to that issue of parole evidence until you get past judicial estoppel and you find it's not. You saw Mr. Young's response to judicial estoppel in his reply brief. What's your take on all of that? I will courteously state that it is without merit. Why? Because there is this convoluted theory that there is a homestead exemption and that even though I called it a contract for lease three times under sworn affidavit, it really wasn't a contract for lease and I only put it in there, or it was only put in there for some alternative benefit. I don't do bankruptcy law in addition to not doing real estate law. Help me out. What's going on here? Let me explain it to you this way. If I'm in bankruptcy court and I have a bankruptcy asset, if I call it a lease with an option to purchase, that's not really an asset. It's a hollow asset. Because if I had sufficient assets to close on the purchase option, then it becomes valuable. However, if I have contract for deed, title is transferred, I have equitable interest in that property. Now it's an asset that will be perceived differently by the bankruptcy trustee and by its creditors. So by calling it a lease with an option to purchase, it diminished the value of the assets and essentially of no interest. It's an illusory asset. So it diminishes the bankruptcy estate? Correct. And if she called it a contract for deed, now she has equity perhaps? Correct. And it would be at least perceived differently by the bankruptcy trustee and the creditors. Now would it have been outcome determinative in this case? I doubt it because we're talking about small margins. And I'm not saying it's outcome determinative. But I am saying. She shouldn't be permitted to say under oath there indifferently here? Correct. And Judge Zappa never addressed this? Surprisingly not. I think he thought he was taking the easy way. If I say, look, I'm looking at this contract, it's pretty easy to me. That's a little more of a difficult, convoluted argument. And you can tell because you've already read the briefs and you're asking me questions about, well, what about his arguments? Because I'm having difficulty understanding the bankruptcy myself. And I had the opportunity to actually review and try and dig into it. In fact, if we ever get to the issue of attorney's fees, that has been a recurring motif in this whole case. What is? That there is more convoluted, unsupported legal theories that we have to actually, without citation, that we actually have to define first and figure out what the argument is, research it, say this is what they're arguing, and then come over here and argue the other side and say, well, this is what the law is based on his argument. This is really why we win. If you want to speak to attorney's fees, you better do it now. Yeah, I know. Go ahead. Let me burn through that. First of all, we have outlined in great detail in our brief ten circumstances where counsel has made arguments saying certain acts apply, unspecified pinpoints, like the Mortgage Foreclosure Act. I mean, that doesn't even apply for contract for deeds unless it's over five years and I think 80% equity. See, I have a whole, anyhow, there are at least ten of these things. But we've outlined in great detail, and you can talk to your clerks, who I'm sure read it and started scratching their heads and saying, where are all these arguments coming from? This was a, in essence, a forceful entry and detainer case that blew up into this, and now we're here at the appellate court. We expended well over $26,000, which is what we asked for in our petition for attorney's fees, and were awarded $20,000 after Judge Zappa initially awarded $7,000. And the reason why he moved it up was primarily because we said, look, this is what the law is, these are the elements you have to follow, and this is each time what we had to do to respond to these arguments. We're entitled to these attorney's fees, and quite frankly told them it was reversible error. That's when we moved up the time. Our attorney's fees is part of the record. This is one of those things that unless you talk about some specific thing, like they didn't argue our rate was too high, they didn't argue specifically one thing was excessive. I mean, in essence, it's a, you spend too much time, this was excessive, and they're generic arguments. And because of that, it makes it almost impossible to defend other than to lay out what we did. There are things we didn't even bill for. For example, counsel submitted an affidavit while actively litigating the case, testifying that our fees were unreasonable. Now, as you well know, under professional rules of conduct 3.7, you can't be a witness in a case that you're actively litigating. You can testify on your own behalf for your own legal fees, but you can't testify that the other's is off kilter. It's not allowed. We spent a lot of time on that, didn't bill for it all. There are a lot of things like that we went down the line, whether it's file 137 sanctions on this case. We didn't bill for that. The things we did bill for, eliminated dual time, you know, where more than one attorney was on there, or we billed for one or more people conferencing. But if there's a specific provision in there, and you find merit in it, you know, we spent, our bill of hours was too much, they spent too much time on this. What was the argument against your attorney fees at the trial level? It was excessive. He would have only spent this much, I think $6,000 if he was litigating it. Was there any evidence presented about this? Yeah, his affidavit. His affidavit.  Why was it unrefuted? It's inadmissible. It's counsel's rules of professional conduct. If we had spent time refuting that, I guarantee we'd be here defending that. Well, why did you charge for that? Did you make that argument to Judge Zappa? No, because at that time we were hoping to, we were trying to end this case with as little turmoil as possible. Did you make the argument to Judge Zappa that counsel's affidavit was inadmissible? No, we did not. And we didn't bill for it. We just let it go. But again, it's in the record before this appellate court, and you can decide anything within the record. This case has been exhausting. This case has what? Been exhausting. And from looking at you, I'm sure you feel the same way. There's not much more I can add to it. I think our briefs speak for itself. And if you have questions, I'll be prepared to answer them. Otherwise, I'm just going to go sit down over there. No questions. Thank you very much. Thank you. Very briefly, with respect to the bankruptcy issue, I think Mr. Logan, who represented Ms. Irwin in the bankruptcy, was confused, too, about what he had. But he clearly scheduled not only where he wants to refer to it, as an executory contract, but also as homestead, real estate, as exempt property, having a $15,000 exemption, she claimed, and owing a balance of some $74,000. But she's saying lease with an option, isn't she? In one place. I thought it was in multiple places. She's called it a lease with an option. No, there's one place where under the executory contract schedule, but under the real estate schedule, and also under the exempt property schedule, which appears at page 40 of the bankruptcy schedules, she says, I have real estate, in which I claim my $15,000 exemption, and I owe $74,000 on it. Which is, you know, creates... So this is lawyer confusion now on signing up the bankruptcy? It's not attributable to her? No, I mean, I think he had to do what he thought was best. All I'm trying to say is I think he himself was confused. What is this thing? And that was what opens the door. The point is, how can you argue that for the first time, this was revealed to be an option with the lease, after she thought it was a contract for deed, when three years earlier she signs under oath a bankruptcy petition saying it's an option with a lease? She signed what her lawyer characterized as. Well, why doesn't... It's not clear to me, I asked Mr. Fay, maybe it wasn't fair, but I read your reply brief, and it's not clear to me at all what your brief is saying. Why doesn't judicial estoppel apply? The point of judicial estoppel is to preserve and protect a judgment of a court. No, I thought that you can't take adverse positions in two different proceedings, saying X is the case in bankruptcy and Y is the case in trial court. I mean, that might be more of a garden variety species of estoppel, but judicial estoppel, if she did take a position that was absolutely contrary to what she took in another place, and it's very clear, then there could be a binding effect of it. But the purpose of that is to protect the judgment of the court, and if there was any judgment of any court, it was by the bankruptcy court, it says I accept your Homestead exemption and I approve your reaffirmation of this contract for deed. I don't understand it as protecting judgments. Judgments don't need protection from clients' affidavits. Parties aren't supposed to be submitting contrary affidavits in different judicial proceedings. And, in fact, your whole argument is this isn't a lease, it's a contract for deed. This isn't a lease with an option to buy. Three years earlier, she says under oath in a bankruptcy judge, it's a lease with an option to buy. Isn't that what happened? No, I think she scheduled the document with her executory contract provisions. She signed under oath a provision that says, within it,  Why is it this strong? Also, I have a homestead. I have real estate, I have equity, and I want my homestead approved. And that, under the cases we cited in a reply brief, take it outside of that domain. Now, I recognize there was a typographical error. We said in one place counts, and it should have referred to courts. And that may have created some of the confusion in the reply brief. But the whole purpose of judicial estoppel is to not allow a party  that would undermine the court's decision. So there's no problem with taking different positions under oath, whatever the court's decision is? Is that your position here? Chicken say in one instance? I don't think so. I think your Honor is borrowing too much. Well, what if the judgment was adverse to you in the first case? You still wouldn't be permitted to take, by oath, as to a matter of fact, a contrary position in a later case, would you? Well, you know, we're talking judicial estoppel versus some other species of estoppel, the race judicata. But if you're saying, had the bankruptcy court looked at the document itself and said, I determine that this is a lease with an option, she certainly couldn't have come into the court here and said, I have a contract for deed. But the bankruptcy court never did do that. The bankruptcy court said, I acknowledge your contract for deed. I grant your homestead in that property, and I allow you to reaffirm that contract. Which, you know, may be, in fact, contrary to enlisting it under some sort of an executory schedule, which, you know, I argue that if you read the language itself, you shouldn't even have filled out that schedule. Your time's up, but I want to ask you about the point Mr. Fahey made on attorney fees. Is he correct that the only evidence you presented in opposition was your own affidavit? Yes, I did present my own affidavit initially. The other thing that we argued was that, first of all, fees should not be awarded because it's a declaratory judgment action. And therefore, it was necessary because of the rotten draftsmanship of the defendant that we had to come into court to find out what it was. And we filed that by a motion on August the 26th of 2010, asking the court to find and determine that no fees are awardable under these circumstances or an alternative for a 304A finding. That didn't go anywhere. Beyond that, what happened was that I did make a counteraffidavit, and I find it really strange that counsel would argue that they can make an affidavit, but I can't, of equal dignity in the same court to help the court determine what's appropriate by way of fees. But they're the ones asking for fees, and that's the standard practice. This is what I did and what my normal rate is. Whereas you're testifying essentially as an expert witness as counsel, aren't you? Counsel on the other side, as opposed to, isn't he right that you wouldn't be permitted to testify had this case actually gone to trial because you're counsel for a party? No, I don't think so at all. Not on this issue, if I've been to the main issues. But more importantly is this. The initial affidavits filed by the defendant never made any reference to the necessity or reasonableness of the actual work done. And that was one of the reasons I addressed that. They attempted a cure with three additional affidavits later on. I moved to strike them as being untimely, and at the time the trial court was about to do so, they withdrew them, so that it was inappropriate for the court to consider those other affidavits. All of which were necessary to reach and achieve the amount of fees which were actually awarded by the court. All I did is make my affidavit that says, look, I've been around doing this for almost 40 years. You know, $5,000 for a deck action is not unreasonable. $2,000 for an ejectment. $26,000 is, you know, just outrageous. And I think that was certainly offered for assistance to the court to determine that issue. And I don't think it's inappropriate whatsoever. It stands on the same dignity as the plaintiff's seeking fees. You told me that the Mortgage Foreclosure Act would apply if this was, or could apply if this was a contract for deed. Mr. Fay countered saying that really wouldn't apply. It's not supposed to apply to a contract for deed unless there's, you know, a certain amount of equity and the term is for a certain period of time. Yeah, I didn't say that it applied. What I said was that there are rights that apply, including rights to contracts for deed. Now, whether the Mortgage Foreclosure Act would apply or not was never reached in this case. Well, I understand that, but several times you mentioned mortgage foreclosure and I asked specifically about it, and you replied to me that there would be rights that would flow from that because of the Mortgage Foreclosure Act. Because she has an equity position in the property, including being able to, and this was the key in this case, including being able to mortgage her equity in that property to her own mother. That did trigger the Mortgage Foreclosure Act because now we have a third party who's involved who has an interest in the equity that she had at the time. Okay, thank you. Thank you. I take the matter on your advice.